IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN RODRIGUEZ,                )<br>                    Plaintiff,     )<br>                                      )<br>v.                                   )<br>                                      )<br>                                      )<br>CP DEVELOPMENT, INC., et al.,  )<br>                    Defendants.  )   | Civil Action No. 20-1672 |

**<u>MEMORANDUM ORDER</u>**

Plaintiff Juan Rodriguez has filed a motion to proceed in forma pauperis ("IFP") in connection with his lawsuit against Defendants in which he asserts claims for race, national origin and retaliation discrimination. For the reasons that follow, the motion will be denied.

Plaintiff, who was then represented by counsel, commenced this action in November 2020. The docket reflects that the filing fee of $350.00 and an administrative fee of $50.00 were paid and the defendants were served. After Defendants filed a motion to dismiss, the Court entered a Memorandum Opinion and Order granting the motion in part and denying it in part. An Amended Complaint was subsequently filed (ECF No. 21) and after an initial case management conference was held with counsel for the parties, a Case Management Order was entered (ECF No. 27).

On December 20, 2021, Mr. Rodriguez (who was still represented by counsel) filed a motion for leave to proceed pro se and to proceed IFP (ECF No. 32). Plaintiff's counsel then moved to withdraw (ECF No. 34) and after a conference, the Court granted his motion on December 28, 2021 (ECF No. 35.) Thus, Mr. Rodriguez's request to proceed pro se has, in effect, been granted. His motion to proceed IFP is another matter.

The in forma pauperis statute provides that:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). As the Court of Appeals for the Third Circuit has noted: "The reference to prisoners in § 1915(a)(1) appears to be a mistake. In forma pauperis status is afforded to all indigent persons, not just prisoners." *Douris v. Middletown Twp.*, 293 F. App'x 130, 132 n.1 (3d Cir. 2008).

"Congress enacted the in forma pauperis statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995). Plaintiff has already paid the court costs and filing fee. Thus, his motion to proceed IFP is moot. *Smith v. Chicago Transit Auth.*, 2015 WL 2149552, at *1 (N.D. Ill. May 6, 2015) ("Mr. Smith's … IFP application—to proceed in forma pauperis in this Court—is denied as moot because he has already paid the filing fee in this Court.")

Plaintiff may be under the misapprehension that IFP status also applies to other costs that he may incur as his suit progresses, such as the cost of taking depositions or other aspects of discovery. However, as the Court of Appeals has held: "There is no provision in the statute [1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993).

In fact, even if Plaintiff had been granted IFP status at the beginning of this case, it would not relieve him of responsibility for these costs. "Civil litigants, including pro se litigants, generally bear their own deposition costs." *Stewart v. Union Cty. Bd. of Educ.*, 655 F. App'x 151, 157 n.4

(3d Cir. 2016). A litigant's IFP status "does not relieve him of the duty to pay his share of the cost of discovery." *Nusbaum v. MBFG Ltd. P'ship*, 2009 WL 2605320, at *3 (W.D. Pa. Aug. 21, 2009) (citation omitted). *See also Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (no statutory authority to pay or waive expert witness fees); *Augustin v. New Century TRS Holding, Inc.*, 2008 WL 5114268, at *3 (W.D. Pa. Nov. 25, 2008) (denying plaintiff's motion to waive the costs associated with issuing subpoenas and have the United States Marshal serve them because of a lack of statutory authority).

Therefore, Plaintiff's motion to proceed in forma pauperis (ECF No. 32) is denied.

**SO ORDERED** this 13th day of January, 2022.

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge